**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISON**

GARY SCHREINER, # 235940,      *

                               *

      Petitioner,          *

                               *

vs.                           * CIVIL ACTION NO. 22-00140-KD-B

                               *

REOSHA BUTLER,             *

                               *

      Respondent.        *

<u>**REPORT AND RECOMMENDATION**</u>

Petitioner Gary Schreiner filed a petition seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 1). The assigned District Judge has referred the petition to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B), S.D. Ala. GenLR 72(b), and Rule 8(b) of the Rules Governing Section 2254 Cases.

Under Rule 4 of the Rules Governing Section 2254 Cases, the assigned judge "must promptly examine" the petition and, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rules Governing § 2254 Cases, R. 4. Upon preliminary review of the present petition, the undersigned finds that it plainly appears that Schreiner is not entitled to relief in this Court because, based on the information alleged, his claims are time-barred pursuant to 28 U.S.C. § 2244(d)(1) and procedurally

defaulted as a result of his failure to exhaust them in state court. Accordingly, it is recommended that Schreiner's habeas corpus petition and this action be **DISMISSED**.

## I.   BACKGROUND

### A.   The Instant Habeas Petition (Doc. 1).

Petitioner Gary Schreiner ("Schreiner"), an Alabama state prisoner confined at Fountain Correctional Facility in Escambia County, Alabama,[1] filed a petition for federal habeas corpus relief pursuant to 28 U.S.C. § 2254 on March 29, 2022.[2] (Doc. 1). In his petition, Schreiner states that he is challenging his October 1, 2014 judgment of conviction for trafficking in the Circuit Court of Mobile County, Alabama, Case Number CC-14-2389, which resulted in a life sentence. (Id. at 2). Schreiner indicates that he appealed to the Alabama Court of Criminal Appeals, and that his appeal was denied in February 2015. (Id. at 3). According to Schreiner, he did not file a petition for rehearing and did not

---

[1] Respondent Reosha Butler is the Warden of Fountain Correctional Facility. See Rules Governing § 2254 Cases, R. 2(a) ("If the petitioner is currently in custody under a state-court judgment, the petitioner must name as respondent the state officer who has custody.").

[2] Under the mailbox rule, a prisoner's *pro se* federal habeas petition is deemed filed on the date it is delivered to prison officials for mailing. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (per curiam). Absent evidence to the contrary, that date is assumed to be the date the prisoner signed the motion. Id. Schreiner's petition is dated March 29, 2022. (See Doc. 1 at 12).

file a petition for certiorari. (Id.). Schreiner further indicates that, other than his direct appeal, he has not previously filed any petitions, applications, or motions (e.g., Rule 20, Rule 32, error coram nobis, habeas corpus, etc.) with respect to the underlying judgment in any state court. (Id.).

In ground one of the instant habeas petition, Schreiner alleges that his arrest and detention were illegal because he was not read his Miranda rights. (Id. at 6). In ground two, Schreiner alleges that an invalid warrant was "issued during this arrest, detention" because the complaint was unaccompanied by a separate affidavit and there were "no witnesses, statement or any other document taken under oath." (Id. at 7). In ground three, Schreiner claims that "the complaint affidavit withheld from the petitioner during this arrest, detention, violated procedure, due process, of law." (Id. at 8). In ground four, Schreiner asserts that his Fourth, Fifth, Sixth, and Fourteenth Amendment rights were violated. (Id.). Schreiner indicates that he did not raise any of his four grounds for relief before the state courts on direct appeal, in a Rule 32 petition, in a petition for writ of error coram nobis, or in a state habeas corpus petition. (Id. at 7-8).

In the section of the habeas petition form that directs a petitioner whose judgment of conviction became final more than one year earlier to explain why the one-year statute of limitations

contained in 28 U.S.C. § 2244(d) does not bar their petition, Schreiner states the following:

> The petitioner is not challenging his judgment of conviction sentence, of state violation in law.
>
> Petitioner is challenging under Federal and constitutional law were violated, that did in fact run his custody afoul.
>
> The complaint, affidavit, warrant of arrest, [illegible] hearing, were in violation of laws of this land under the 4th Amendment were clearly violated.

(Id. at 11).

## B.  Published State Court Opinions.[3]

On April 17, 2015, the Alabama Court of Criminal Appeals issued an opinion affirming Schreiner's conviction, following an October 1, 2014 jury trial, for trafficking in methamphetamine, and his resulting sentence to life imprisonment as a habitual offender. See Schreiner v. State, 196 So. 3d 1237, 1239 (Ala. Crim. App.), writ quashed sub nom. Ex parte Schreiner, 196 So. 3d 1247

---

[3] Because of the limited information set forth in Schreiner's habeas petition, the Court takes judicial notice of the published opinions of the Alabama Court of Criminal Appeals and the Supreme Court of Alabama in Schreiner's criminal proceedings. See Paez v. Sec'y, Fla. Dep't of Corr., 947 F.3d 649, 652 (11th Cir.) (finding that the district court could properly take judicial notice of the online state court dockets in a § 2254 petitioner's criminal cases), cert. denied sub nom., 141 S. Ct. 309 (2020); McElwain v. Eddins, 2020 U.S. Dist. LEXIS 209933, at *3, 2020 WL 6566976, at *1 (N.D. Fla. Oct. 6, 2020) (taking judicial notice of a published opinion of the Florida First District Court of Appeal), report and recommendation adopted, 2020 U.S. Dist. LEXIS 208997, 2020 WL 6566319 (N.D. Fla. Nov. 9, 2020); White v. Gittens, 121 F.3d 803, 805 n.1 (1st Cir. 1997) ("[W]e may take judicial notice of published state court dispositions of cases.")

(Ala. 2015). In its opinion, the Alabama Court of Criminal Appeals noted that Schreiner raised the following claim on appeal: "[T]hat the circuit court erred in denying his motion for a judgment of acquittal and his motion for a new trial because . . . '[t]he "meth oil" made the basis of the trafficking cha[r]ge is an unusable liquid that should not be considered a mixture for purposes of the trafficking statute.'" Id. at 1242 (quoting Schreiner's brief, p. 3). After the Alabama Court of Criminal Appeals affirmed his conviction, Schreiner filed an application for rehearing, but it was denied on May 22, 2015.

Thereafter, Schreiner filed a petition for writ of certiorari in the Supreme Court of Alabama. See Ex parte Schreiner, 196 So. 3d 1247, 1247 (Ala. 2015) (Moore, C.J., dissenting). The Supreme Court of Alabama initially granted Schreiner's petition for a writ of certiorari. See id. However, on November 6, 2015, the Supreme Court of Alabama quashed the writ without opinion.[4] See id.

## II.  DISCUSSION

A federal district court is authorized to entertain an application for writ of habeas corpus filed by a person in custody pursuant to the judgment of a state court where the petitioner alleges that he is in custody in violation of the Constitution or

---

[4] Chief Justice Moore and Justice Murdock dissented, and Chief Justice Moore issued a dissenting opinion stating that he would reverse Schreiner's conviction and sentence. See Ex parte Schreiner, 196 So. 3d 1247 (Ala. 2015).

laws or treaties of the United States.  See 28 U.S.C. § 2254(a).

However, federal habeas petitioners must satisfy various

procedural requirements in order to obtain relief.  Here, it

plainly appears that Schreiner's claims are time-barred as well as

unexhausted and procedurally defaulted.  Each of these conclusions

is discussed in turn.

**A.    Time-Bar.**

Pursuant to 28 U.S.C. § 2244(d)(1), a state prisoner seeking

a federal habeas corpus remedy must file his habeas corpus petition

within a one-year period of limitation.  The statute provides that:

> A 1-year period of limitation shall apply to an
> application for a writ of habeas corpus by a person in
> custody pursuant to the judgment of a State court.  The
> limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by
> the conclusion of direct review or the expiration of
> the time for seeking such review;
>
> (B) the date on which the impediment to filing an
> application created by State action in violation of
> the Constitution or laws of the United States is
> removed, if the applicant was prevented from filing
> by such State action;
>
> (C) the date on which the constitutional right
> asserted was initially recognized by the Supreme
> Court, if the right has been newly recognized by the
> Supreme Court and made retroactively applicable to
> cases on collateral review; or
>
> (D) the date on which the factual predicate of the
> claim or claims presented could have been discovered
> through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Here, there is no allegation or information suggesting that the triggering dates provided in subsections (B) through (D) of § 2244(d)(1) apply to any of Schreiner's claims. Thus, it appears that § 2244(d)(1)(A) applies to Schreiner's petition. Under § 2244(d)(1)(A), the one-year limitation period commences on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Id. at § 2244(d)(1)(A).

Schreiner indicates in his petition that he filed a direct appeal in the Alabama Court of Criminal Appeals but did not seek rehearing and did not file a petition for writ of certiorari. (See Doc. 1 at 3). However, as noted *supra*, published Alabama state court opinions reflect that the Alabama Court of Criminal Appeals affirmed Schreiner's conviction on direct appeal and denied rehearing, and that the Supreme Court of Alabama initially granted Schreiner's petition for writ of certiorari but subsequently quashed the writ on November 6, 2015. Thus, it appears that Schreiner's judgment of conviction became final, and the limitation period under § 2244(d)(1)(A) began running, on or about February 4, 2016, upon the expiration of the ninety-day period for Schreiner to seek review in the United States Supreme Court. See Bond v. Moore, 309 F.3d 770, 774 (11th Cir. 2002); Kitchen v. Danials, 2016 U.S. Dist. LEXIS 116547, at *5-6, 2016 WL 4545331, at *2 (N.D. Ala. Aug. 9, 2016), report and recommendation adopted,

2016 U.S. Dist. LEXIS 116031, 2016 WL 4530018 (N.D. Ala. Aug. 30, 2016).

Once the federal statute of limitations is triggered and begins to run, it can be tolled in two ways: through statutory tolling or equitable tolling. Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008) (per curiam). Statutory tolling is codified at 28 U.S.C. § 2244(d)(2), which tolls the one-year limitation period during the pendency of "a properly filed application for State post-conviction or other collateral review" of the underlying judgment. See 28 U.S.C. § 2244(d)(2). "However, the pendency of even a properly filed state post-conviction application only *pauses* § 2244(d)(1)'s one-year clock; it does not *reset* it." Roby v. Mitchem, 2012 U.S. Dist. LEXIS 67121, at *8, 2012 WL 1745529, at *3 (N.D. Ala. May 1, 2012) (emphasis in original).

Equitable tolling is available only where a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (citation omitted). "Equitable tolling is an extraordinary remedy, which is typically applied sparingly." Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000).

In addition, a habeas petitioner's actual innocence, if proved, may serve as a gateway to consideration of constitutional

claims otherwise time-barred under § 2244(d)(1)'s one-year limitation period. McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). To successfully assert actual innocence as a gateway to review of time-barred claims, a habeas petitioner is required "(1) to present new reliable evidence . . . that was not presented at trial, and (2) to show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt in light of the new evidence." Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (per curiam) (internal quotation marks and citations omitted). The actual innocence gateway requires a petitioner to show "factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998).

As noted *supra*, it appears that, for federal habeas purposes, Schreiner's judgment of conviction became final on or about February 4, 2016. Absent some manner of tolling, the limitation period expired a year later, in February 2017. Schreiner does not allege – and indeed, specifically denies - that he filed any state post-conviction petition that could have tolled the limitation period under § 2244(d)(2). (See Doc. 1 at 3). Schreiner has not alleged facts suggesting that equitable tolling is warranted, nor does he make a showing of actual innocence that would permit consideration of his untimely claims. Given that Schreiner did not file the instant petition until March 29, 2022, more than six

years after the state judgment became final, and has offered no grounds warranting equitable tolling, his petition is due to be dismissed as time-barred.

**B.    Exhaustion and Procedural Default.**

In addition to the one-year limitation period, § 2254 habeas claims are subject to an exhaustion requirement.  Before a § 2254 petitioner may obtain federal habeas corpus relief, he must generally exhaust all available state court remedies for challenging his conviction, either on direct appeal or in a state post-conviction motion.  See 28 U.S.C. § 2254(b)(1) & (c); Duncan v. Walker, 533 U.S. 167, 178-79 (2001).  To fully exhaust a claim, a petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

In Alabama, a complete round of the established appellate review process includes an appeal to the Alabama Court of Criminal Appeals, an application for rehearing in that court, and a petition for discretionary review in the Supreme Court of Alabama.  Price v. Warden, Att'y Gen. of Ala., 701 F. App'x 748, 749-50 (11th Cir. 2017) (per curiam).  The exhaustion requirement applies to state post-conviction proceedings as well as to direct appeals.  Pruitt v. Jones, 348 F.3d 1355, 1359 (11th Cir. 2003).

A habeas claim "is procedurally defaulted if it has not been exhausted in state court and would now be barred under state procedural rules." Mize v. Hall, 532 F.3d 1184, 1190 (11th Cir. 2008); see Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991) ("[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[,] . . . there is a procedural default for purposes of federal habeas[.]").

Schreiner's habeas petition makes clear, and the published state court opinions corroborate, that the claims raised have not been exhausted in state court. Moreover, it appears that any attempt to exhaust state remedies now with respect to the claims raised in the instant petition would be futile because these claims would be subject to the procedural bars in Ala. R. Crim. P. 32.2(a) and (c).

A petitioner can overcome a procedural default in one of two ways. First, a petitioner's defaulted claims can be reviewed if he can show cause for the default and resulting prejudice. Murray v. Carrier, 477 U.S. 478, 496 (1986). "To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." Wright v. Hopper, 169 F.3d 695, 703 (11th Cir. 1999). To show prejudice, "a

petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different" had the constitutional violation not occurred. Henderson v. Campbell, 353 F.3d 880, 892 (11th Cir. 2003).

Second, a petitioner may overcome the procedural default of a claim by establishing a fundamental miscarriage of justice, which "occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." Id. "This exception applies if the petitioner can show that, in light of new evidence, it is probable that no reasonable juror would have convicted him." Mize, 532 F.3d at 1190.

Schreiner's petition alleges no facts that would excuse the procedural default of his claims. Accordingly, it appears that the claims raised in the instant habeas petition are procedurally defaulted because they have not been exhausted in state court and would now be barred under state procedural rules. See id.

**C. *Sua Sponte* Dismissal is Appropriate Since the Report and Recommendation Provides Notice and an Opportunity to Be Heard.**

Because it plainly appears that the claims in Schreiner's habeas petition are time-barred and procedurally defaulted, the habeas petition should be dismissed *sua sponte*. A court does not err by dismissing a § 2254 petition *sua sponte* on the grounds of untimeliness or procedural default as long as it gives the

petitioner notice of its decision and an opportunity to be heard in opposition. See Paez v. Sec'y, Fla. Dep't of Corr., 947 F.3d 649, 655 (11th Cir.) (per curiam) (stating that the petitioner was "provided ample notice and opportunity to explain why his petition was timely in his form petition and again when he was given the opportunity to respond to the magistrate judge's Report and Recommendation that his petition be summarily dismissed as untimely"), cert. denied sub nom., 141 S. Ct. 309 (2020); Day v. McDonough, 547 U.S. 198, 209-10 (2006); see also Rules Governing § 2254 Cases, R. 4.

This report and recommendation provides Schreiner an opportunity to file objections and thus affords him both notice and a reasonable opportunity to respond. Additionally, the undersigned will direct the Clerk to provide Respondent and the Alabama Attorney General's office copies of the petition and this report and recommendation so that Respondent will also have an opportunity to respond to the report and recommendation. See Paez, 947 F.3d at 655.

**D.   Notice to Petitioner.**

**Schreiner is <u>specifically advised</u> that this report and recommendation is <u>notice to him</u> that this Court is *sua sponte* raising the issues of timeliness and failure to exhaust/procedural default with respect to the claims raised in his § 2254 habeas petition.   Schreiner is <u>further advised</u> that he must submit any**

evidence or argument challenging the Court's findings that his claims are time-barred as well as unexhausted and procedurally defaulted in written objections to the instant report and recommendation.

## III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, R. 11(a). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. See 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2).

Where, as here, a habeas petition is dismissed on procedural grounds without reaching the merits of any underlying constitutional claim, a certificate of appealability "should issue [only] when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

After reviewing the issues presented in light of the applicable standards, the undersigned submits that reasonable jurists would not conclude that this Court is in error in dismissing the instant petition or that Schreiner should be allowed to proceed further. See id. ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further"). As a result, the undersigned submits that Schreiner is not entitled to a certificate of appealability and should not be permitted to proceed *in forma pauperis* on appeal.

## IV.  <u>CONCLUSION</u>

For the reasons set forth above, the undersigned **RECOMMENDS** that Schreiner's petition (Doc. 1) and this action be **DISMISSED.** It is further recommended that any requests for a certificate of appealability or for permission to appeal *in forma pauperis* be **DENIED.**

The Clerk is **DIRECTED** to send copies of Schreiner's petition and this report and recommendation to Respondent Warden Reosha Butler, G.K. Fountain Correctional Facility, Fountain 3800, Atmore, Alabama 36503-3800, and to the Attorney General of the State of Alabama.

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **28th** day of **April, 2022.**

                                **/s/ SONJA F. BIVINS**
                              **UNITED STATES MAGISTRATE JUDGE**